## JOHN GILL & wife *vs.* JAMES S. MIDDLETON.

A landlord, whose neglect to use ordinary skill in making repairs on the demised premises causes a personal injury to the tenant, is liable therefor, although his undertaking to make the repairs was gratuitous and by the tenant's solicitation.

TORT for personal injuries sustained by the female plaintiff through falling into the vault of a privy. At the trial in the superior court, before *Pitman,* J., these facts appeared:

John Gill and his wife were occupying a tenement in Lawrence, which he hired of the defendant, and to which the privy was attached. The privy was out of repair, and the plaintiffs requested the defendant to put it in repair. He said that he would do so, and accordingly made some repairs on it, himself, with the aid of a common laborer; and, after finishing them, he told Mrs. Gill that he had made it safe, so that she need not fear to use it. During the ensuing evening, Mrs. Gill went into the privy, when the floor of it gave way and she was precipitated into the vault.

The plaintiffs offered evidence tending to show that the defendant did not possess the skill necessary to make the repairs; that they were unskilfully made, and with unsuitable materials; and that the falling of the floor was a result of the manner in which they were made. The defendant testified, and offered other evidence to show, that he made such repairs as he thought needful to render the privy safe, and such as a prudent and careful man would have made. There was no evidence of any obligation of the defendant to make repairs, in the contract by which

he demised the tenement to Mr. Gill ; nor of any promise on his part to make them, other than as above stated.

The defendant requested the judge to instruct the jury, 1. that, " if there was no agreement between the plaintiffs and the defendant that the defendant should make repairs, then the defendant was under no obligation to make the repairs, and the plaintiffs cannot recover ; " 2. that " if the defendant made repairs, and such as he believed to be sufficient and proper in order to make the premises safe, then he is not liable for the injury complained of ; " and 3. that " the defendant is not liable, unless he knew or believed that the repairs which he made were insufficient, and that the premises were still unsafe and dangerous."

The judge " refused the instructions prayed for, except the first, but did instruct the jury, that a landlord, independently of special contract, is not bound to repair; but if the jury are satisfied, from the evidence, that the defendant agreed to assume the repair of the privy, and did in fact repair the same himself, and thereafter assured the female plaintiff that the same was safe and in good repair, but in point of fact the same was not put in safe repair, by reason of the want of ordinary skill or care in the workmanship or selection of materials on the part of the defendant, and the female plaintiff, relying on the said assurance of the defendant, and using due care herself, was injured, then the plaintiffs may recover." The jury found for the plaintiffs, with damages in the sum of $500 ; and the defendant alleged exceptions.

*E. J. Sherman*, for the defendant.

*W. F. Gile*, for the plaintiffs.

AMES, J.    In the ordinary contract between landlord and tenant, there is no implied warranty on the part of the former that the demised premises are in tenantable condition.   He is under no obligation to make repairs, unless such a stipulation makes a part of the original contract ; and any promise to do so, founded merely on the relation of the parties, and not one of the conditions of the lease, would be without consideration, and for that reason would create no liability.   But although a gratuitous executory contract of that kind would not be binding upon him, he would place himself in a very different position if he should see

fit to treat it as binding, and actually enter upon its fulfilment. He is at liberty to repudiate or to perform it, at his option ; but if his choice should be to perform it, he comes under some degree of liability as to the manner of its performance. It is well settled, that, for an injury occasioned by want of due care and skill in doing what one has promised to do, an action may be maintained against him in favor of the party relying on such promise and injured by the breach of it, although there was no consideration for the promise. *Benden* v. *Manning*, 2 N. H. 289. *Thorne* v. *Deas*, 4 Johns. 84. *Elsee* v. *Gatward*, 5 T. R. 143. *Shiells* v. *Blackburne*, 1 H. Bl. 158. *Balfe* v. *West*, 22 Eng. Law & Eq. 506.

In this case, the landlord was told that the building was in an unsafe condition ; and what he undertook to do, at the request of his tenant, was to make it safe. He not only assumed to do the work, but he notified the tenant when it was done, and invited him to make use of the building, assuring him that it was perfectly safe. Under these circumstances, it was correctly ruled by the presiding judge, that if on trial it proved to be unsafe, by reason of the want of ordinary care and skill on the part of the defendant in the workmanship or in the selection of the materials used, he might be held responsible in damages.

It is argued, that upon a gratuitous undertaking of this nature the defendant could only be held responsible for bad faith or for gross negligence, and that it was therefore an error to instruct the jury that he was liable for want of ordinary care and skill. But in assuming to make the repairs at the request of the tenant he must be considered as professing to have the requisite skill as a mechanic, and as undertaking to select and furnish the kind and quality of materials appropriate to the accomplishment of the desired object. It appears to us that this is one of the cases in which there is no practical difference between gross negligence and the want of ordinary care and skill ; and that the omission of what Baron Rolfe calls a mere vituperative epithet is not a valid objection to the judge's charge. The true question for the jury was, whether the defendant had discharged the duty which he had assumed, with that due regard to the rights of the other

party which might reasonably have been expected of him under all the circumstances. His undertaking required at least the skill of an ordinary mechanic, and his failure to furnish it, either because he did not possess or neglected to use it, would be gross negligence. *Steamboat New World* v. *King,* 16 How. 469. The law furnishes no definition of gross negligence as distinguished from want of reasonable and ordinary care, which can be of any practical utility. The question of reasonable care must always depend on the special circumstances of each case, and is almost of necessity a question of fact rather than of law. The degrees of negligence, so often spoken of in the text books, do not admit of such precision and exactness of definition as to be of any practical advantage in the administration of justice, without a detail of the facts which they are intended to designate. *Steamboat New World* v. *King,* 16 How. 469. *Chandler* v. *Worcester Insurance Co.* 3 Cush. 228. *Wilson* v. *Brett,* 11 M. & W. 113. *Grill* v. *General Iron Screw Collier Co.* Law Rep. 1 C. P. 600. The jury under proper instructions have found the defendant guilty of culpable negligence, and accordingly the

*Exceptions are overruled.*