HERVEY LOSEE, Appellant, *v.* CADWALLADER C. CLUTE et al., Respondents.

The manufacturer and vendor of a steam boiler is only liable to the purchaser for defective materials or for any want of care and skill in its construction; and, if after delivery to and acceptance by the purchaser, and while in use by him an explosion occurs in consequence of such defective construction, to the injury of a third person, the latter has no cause of action, because of such injury, against the manufacturer.

(Argued October 5, 1872; decided January term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial district, affirming a judgment entered upon an order dismissing plaintiff's complaint on the trial.

The action was brought to recover damages caused to the property of the plaintiff by the explosion of a steam boiler while the same was owned and being used by the Saratoga Paper Company at their mill situated in the village of Schuylerville, Saratoga county and State of New York, on the thirteenth day of February, 1864, by means whereof the boiler was thrown on to the plaintiff's premises and through several of his buildings, thereby injuring and damaging the same.

The defendants, Clute, were made parties defendants to the action with the Saratoga Paper Company and Coe S. Buchanan and Daniel A. Bullard, trustees and agents of said company, on the ground that they were the manufacturers of the boiler, and made the same out of poor and brittle iron and in a negligent and defective manner, in consequence of which negligence said explosion occurred.

At the close of the evidence the complaint was dismissed as to the defendants Clute.

The facts, so far as they are material to the decision in this court, are sufficiently stated in the opinion.

*A. Pond* for the appellant. This action is not based upon contract, and no privity of contract was necessary to exist or shown between plaintiff and defendants to warrant a

recovery. (*Thomas* v. *Winchester*, 2 Seld., 397, and cases cited, 401; *Farrant* v. *Barnes*, 103 E. C. L., 533; *Nolton* v. *West. R. R. Co.*, 15 N. Y., 444, 449.) Defendants were liable without proof of negligence on their part. (*Hay* v. *Cohoes Co.*, 3 Barb., 42; S. C., 2 Comst., 159; *Tremain* v. *Same*, id., 163; *St. Helen's Smelt'g Co.* v. *Tipping*, Am. L. R. [Dec. '65], 104.) Being agents and stockholders, they were liable the same as the paper company. (*Suydam* v. *Moore*, 8 Barb., 358, 360, 363; *Judson* v. *Cook*, 11 id., 642; *Montford* v. *Hughes*, 3 E. D. S., 591; *Wright* v. *Wilcox*, 19 Wend., 343; *Phillips* v. *Wait*, 30 N. Y., 78.) The evidence of negligence should have been submitted to the jury. (*Kelsey* v. *Barney*, 2 Kern., 425; *Fero* v. *Buff. R. R. Co.*, 22 N. Y., 213; *Johnson* v. *H. R. R. R. Co.*, 20 id., 65; *Requa* v. *Holmes*, 16 id., 193.) The Clutes were properly made parties defendants in this action. (Code, § 118; *Colgrove* v. *R. R. Co.*, 6 Duer, 382; S. C., 20 N. Y., 492; *Davenport* v. *Ruckman*, 16 Abb., 341.) Defendants having failed to take such objection by demurrer or answer, have waived it. (Code, §§ 144, 147; *Fosgate* v. *Herkimer Hy. Co.*, 2 Kern., 580; *Dillaye* v. *Wilson*, 43 Barb., 261.)

*J. S. Landon* for the respondents. Plaintiff cannot recover; the damages are too remote. (*Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y., 210; *Loop* v. *Litchfield*, 42 id., 351.) The act of putting up the boiler, not being tortious *per se*, the principal, not the servant is responsible. (Ang. on Cor., § 579; *Chapman* v. *N. Y. C. R. R. Co*, 33 N. Y., 364; *Montgomery Bk.* v. *Albany City Bk.*, 3 Seld., 459.) An agent is not liable for neglect of duty in the matter of his agency; the principal is alone liable. (*Colvin* v. *Holbrook*, 2 Comst., 126.) The boiler was in the hands of experienced and mature men, who assumed to know how to use it, and they are responsible for the use they put it to. (*Jetter* v. *N. Y. & H. R. R. Co.*, 2 Keyes, 154.)

Lott, Ch. C. It appears by the case that the defendants Clute manufactured the boiler in question for the Saratoga

Paper Company, in which they were stockholders, for the purposes and uses to which it was subsequently applied by it; and the testimony tended to show that it was constructed improperly and of poor iron, that the said defendants knew at the time that it was to be used in the immediate vicinity of and adjacent to dwelling-houses and stores in a village, so that, in case of an explosion while in use, it would be likely to be destructive to human life and adjacent property, and that, in consequence of the negligence of the said defendants in the improper construction of the boiler, the explosion that took place occurred and damaged the plaintiff's property. The evidence also tended to show that the boiler was tested by the company to its satisfaction, and then accepted, and was thereafter used by it for about three months prior to the explosion, and that after such test and acceptance the said defendants had nothing whatever to do with the boiler, and had no care or management of it at the time of the explosion, but that the company had the sole and exclusive ownership, management and conduct of it.

In determining whether the complaint was properly dismissed, we must assume all the facts which the evidence tended to show as established, and the question is thereby presented whether the defendants have incurred any liability to the plaintiff. They contracted with the company, and did what was done by them for it and to its satisfaction, and when the boiler was accepted they ceased to have any further control over it or its management, and all responsibility for what was subsequently done with it devolved upon the company and those having charge of it, and the case falls within the principle decided by the Court of Appeals in *The Mayor, etc., of Albany* v. *Cunliff* (2 Comst., 165), which is, that the mere architect or builder of a work is answerable only to his employes for any want of care or skill in the execution thereof, and he is not liable for accidents or injuries which may occur after the execution of the work; and the opinions published in that case clearly show that there is no ground of liability by the defendants to the plaintiff in this action. They owed

*him* no *duty* whatever at the time of the explosion either growing out of contract or imposed by law.

It may be proper to refer to the case of *Thomas* v. *Winchester* (2 Selden, 397), cited by the appellant's counsel, and I deem it sufficient to say that the opinion of HUNT, J., in *Loop* v. *Litchfield* (42 N. Y., 351) clearly shows that the principle decided in that case has no application to this.

It appears from these considerations that the complaint was properly dismissed, and it follows that there was no case made for the consideration of the jury, and, consequently, there was no error in the refusal to submit it to them.

There was an exception taken to the exclusion of evidence to show that two persons were killed by this boiler in passing through a dwelling-house in its course, but as it is not urged on this appeal, it is, I presume, abandoned; but if not, it was matter, as the judge held at the trial, wholly immaterial to the issue between the parties in this action.

There is, for the reasons stated, no ground for the reversal of the judgment. It must, therefore, be affirmed, with costs.

All concur.

Judgment affirmed.