MARY E. GALVIN *vs.* CHARLES L. BEALS.
SAME *vs.* WINCHENDON SAVINGS BANK.

Middlesex.    November 15, 1904. — January 6, 1905

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Landlord and Tenant.*

A landlord is not liable for an injury to a tenant from a fall caused by the giving way of a rotten railing of a piazza which the landlord has not agreed to repair and the tenant has not asked him to repair, although the landlord's agent in charge of repairs has noticed the railing two weeks before the accident and has found it weak and shaky and after making certain repairs including a new board in the floor of the piazza has assured the tenant that everything is safe and sound, and that she need not fear to use the piazza; and the fact that the agent at the request of the tenant has made the other repairs is immaterial.

·  TWO ACTIONS OF TORT by the same plaintiff against different defendants for damages arising from the same accident, described in the opinion. Writs dated December 14, 1899, and July 19, 1901.

In the Superior Court the cases were tried together before *Sheldon*, J., who in each case made the ruling stated in the first paragraph of the opinion and ordered a verdict for the defendant. The plaintiff alleged exceptions.

*J. J. Irwin*, for the plaintiff.

*T. Hunt*, for the defendants, was not called upon.

LATHROP, J. These are two actions of tort, tried together in the Superior Court, to recover for personal injuries sustained by the plaintiff, in consequence of the giving way of a railing of the piazza of the house in which she was the sole tenant. At the close of the plaintiff's evidence the judge ruled in each case that there was no evidence of misfeasance on the part of the defendant as distinguished from a mere non-feasance, and that there was no evidence to warrant a verdict for the plaintiff; and on that ground directed a verdict for the defendant. This ruling was excepted to, and is the principal question in the case. There is also an exception to the exclusion of evidence, to which we shall refer hereafter.

The bill of exceptions leaves us in doubt whether there was sufficient evidence to hold either defendant as the landlord of the plaintiff, but we shall assume, for the purposes of the case, that one or the other of the defendants might have been found to be the landlord, and that the ruling was made on another branch of the case.

The plaintiff's evidence tended to show that she hired the house in question in April, 1899, of George C. Beals, son of the defendant in the first case; that Beals let houses for his father and also for the defendant in the second case, in the same neighborhood where the house he let to the tenant was situated. George C. Beals had made repairs upon the house at several different times prior to September 1, 1899.

The plaintiff testified that about September 1, when George C. Beals came to collect the rent, she told him that she would not stay in the house any longer, and that he said : " Well, Mrs. Galvin, my father wants you to stay here, and I will make repairs right away, just tell me what you want of them, and I will see that it is done next week." She further testified that she told him that " the front door would not fasten, that there was no lock and knob on it, and that the front steps were not fit for

use"; that Beals then said: "Everything will be fixed up next week sure"; that within a few days Beals brought lumber there, and two days after he put a new board in the floor of the piazza, a new tread in the steps, a door bell on the door, and that she heard him hammering there for quite a while.

The plaintiff further testified that two days later she made use of the piazza for the first time; that she stepped out of the front door on to the piazza, and went to the railing on the right as she came out to air a rug, and as she was in the act of doing so, leaning over the railing on the right, the railing as a whole gave way and she fell to the ground below.

On cross-examination the plaintiff testified that she did not remember that in any of her talks with Beals she had said anything about this rail, nor that he did.

George C. Beals, who was called by the plaintiff as a witness, testified that his father, the defendant in the first case, was the treasurer of the defendant in the second case; that he, the witness, let the house, and that his father had nothing to do with the letting or keeping the premises in repair. The witness also denied the conversation which the plaintiff testified to, but admitted repairing the steps; and testified that about two weeks before the accident he happened to notice the railing which gave way, and found it weak and shaky, but made no repairs upon it.

The testimony of George C. Beals is reported at length. The most significant part is that his father told him to take charge of certain houses and collect the rents, and that he felt that in taking charge he could make repairs.

For the purpose of showing negligence on the part of the defendants the plaintiff offered to prove that immediately after Beals had finished the work he assured the plaintiff that everything was safe and sound, and that she need not fear to use the piazza. The judge refused to admit the evidence on the question of the negligence of the defendants, but admitted it upon the question of the plaintiff's due care.

The general rule in this Commonwealth must be considered as settled that a tenant cannot recover against his landlord for personal injuries occasioned by the defective condition of the premises let, unless the landlord agrees to repair, makes the repairs,

and is negligent in making them. *Bowe* v. *Hunking*, 135 Mass. 380. *Tuttle* v. *Gilbert Manuf. Co.* 145 Mass. 169. *McKeon* v. *Cutter*, 156 Mass. 296. *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472. *Marley* v. *Wheelwright*, 172 Mass. 530.

The fact that the landlord makes other repairs is not evidence that he agreed to keep the premises in repair. *McKeon* v. *Cutter*, 156 Mass. 296. *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472.

It also has been held that where there is an agreement to repair the landlord cannot be held liable for a defect unless reasonable notice of such a defect is given to him. *Hutchinson* v. *Cummings*, 156 Mass. 329. *Marley* v. *Wheelwright*, 172 Mass. 530.

The plaintiff seeks to bring this case within *Gill* v. *Middleton*, 105 Mass. 477, where the landlord was held liable for negligence in making repairs which he had promised and undertaken to make. But there is no evidence in the case before us, that the alleged agent undertook to do anything about the railing, or that he did anything about it. The plaintiff complained to him of certain defects, and these he remedied. Nothing was said about the railing. The plaintiff has failed to bring her case within the one upon which she relies. The ruling of the judge that there was no evidence of a misfeasance was therefore right.

The evidence offered was immaterial to the issue. It did not tend to show that the agent had made repairs as to the railing, or had undertaken to do so. It must be shown, in order that the plaintiff may maintain her action, that repairs as to the railing were actually made and that the work was negligently done. The evidence, if admitted, would not have tended to show either of these essential elements.

*Exceptions overruled.*