JOSEPH BULDRA *vs.* RUTH HENIN.

Hampden.   May 20, 1912. — June 17, 1912.

RUGG, C. J., MORTON, BRALEY, SHELDON, & DECOURCY, JJ.

*Landlord and Tenant.   Negligence,* Of one owning real estate, In use of gas.

Although a landlord who orally has let an apartment to a tenant is not obliged to put it in tenantable condition and may repudiate before performance a promise which after the letting he has made to that effect, if he goes ahead and by his servants or agents carries out such a promise, he is liable for damages resulting from negligence on the part of his servants or agents in so doing.

At the trial of an action against a landlord by a tenant of an apartment fitted for the use of gas, for injuries resulting from an explosion alleged to have been caused

by negligence of a plumber employed by the defendant to place caps upon open pipes in the apartment, there was evidence tending to show that the plumber had informed the plaintiff's daughter that he had put caps on the pipes and that she had so informed the plaintiff previous to the accident; and there was no evidence that there was an odor of escaping gas or that there was any other fact to warn the plaintiff that the plumber had not done his work properly. It appeared that the explosion was caused by the plaintiff going with a lighted match into a hall where gas had collected because the plumber had not placed a cap on one of the pipes. *Held*, that the question of the plaintiff's due care was for the jury.

TORT for personal injuries caused by an explosion of gas in an apartment which the defendant had let orally to the plaintiff, the plaintiff alleging that the explosion was caused by gas which had escaped by reason of the negligence, described in the opinion, of a plumber engaged by the defendant. Writ dated March 3, 1910.

In the Superior Court the case was tried before *Sanderson, J.* There was evidence that, being informed by an employee of the gas company that caps were needed upon certain pipes where gas fixtures had not been installed, the plaintiff went to the office of Dr. Henin, the defendant's husband, who was admitted to have been her agent. There was evidence, which was admitted *de bene* and afterwards absolutely subject to an exception by the defendant, that, Dr. Henin being absent from the office, Jacob Henin, his brother, who was in charge of his office, telephoned him at the plaintiff's request with regard to the need of the caps. One Bergman, a plumber, testified that he was instructed by Dr. Henin to put on the caps.

Other facts are stated in the opinion.

At the close of the evidence the defendant asked for the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover.

"2. There is no evidence of any negligence on the part of the defendant, or those having authority to act for him, entitling the plaintiff to recover.

"3. There was no evidence that the plaintiff was in the exercise of due care."

"8. Even if the defendant did agree to repair, did repair, and was negligent in so doing, and the injury resulted therefrom, she is not liable if the undertaking to make repairs was gratuitous, and the plaintiff cannot recover unless it appears that such repairs

were undertaken in pursuance of a legal obligation to make them."

"10. There is no sufficient evidence of any such agency on the part of Jacob Henin the brother of defendant's husband, or such authority in him for her in the premises, as to entitle the plaintiff to recover.

"11. There is no sufficient evidence of any ratification by the defendant or her husband of any act or conduct of Jacob Henin as to make anything he may have done in the premises binding upon her, or to entitle the plaintiff to recover in this action."

"18. If there was any agreement between the plaintiff and Dr. Henin that he would repair the gas pipes or put them in shape for use, that agreement was made after the commencement of the plaintiff's tenancy, and was merely gratuitous, and even if negligently done by the defendant the plaintiff is not entitled to recover.

"19. If the jury find that the defendant, acting by Dr. Henin, her agent, undertook to put the caps on the gas pipes at the request of the plaintiff on January 1st, 1910, this was merely a gratuitous act and imposed no liability on the defendant."

The jury found for the plaintiff in the sum of $391.48. In response to a question asked orally of the foreman of the jury by the presiding judge after the verdict was returned, the foreman stated in substance that the jury found that the order for the plumber to place the caps came from Dr. Henin.

The defendant alleged exceptions.

The case was submitted on briefs.

*C. G. Gardner & R. W. Stoddard,* for the defendant.

*C. L. Young, J. L. Doherty & W. G. Brownson,* for the plaintiff.

DeCourcy, J. When the plaintiff moved into the defendant's new house there were openings in the gas pipes through which the gas, when turned on at the meter, would escape into the rooms. A plumber was engaged to put caps upon these openings, and his workman negligently left one of them unclosed, in consequence of which occurred the explosion that injured the plaintiff. Under the special answer of the jury it must be taken as established that the order to the plumber came from Dr. Henin, whose general agency for the defendant was admitted; consequently the tenth and eleventh requests relating to the agency of his brother Jacob Henin become immaterial. And the jury were warranted in finding, by

the testimony of the plumber Bergman, that the order to do the work was given by Dr. Henin personally.

The court, at the defendant's request, fully instructed the jury upon the limited duties owed by a landlord to a tenant under our law, and confined the defendant's liability to a negligent performance of work which she had promised and undertaken to do. Although the contract of letting imposed upon Mrs. Henin no obligation to put the premises into tenantable condition, or to make repairs, and she was at liberty to repudiate a promise to do so, nevertheless when she did undertake to carry out a promise to put caps upon the openings in the gas piping, even though there was no consideration for her promise, she became liable to the plaintiff for a failure to perform the work with reasonable skill and care. The requests numbered 2, 8, 18 and 19 were rightly refused. *Gill v. Middleton,* 105 Mass. 477. *Dix* v. *Old Colony Street Railway,* 202 Mass. 518. *Galvin* v. *Beals,* 187 Mass. 250.

The issue of the plaintiff's due care was for the jury, and we cannot say that their finding in his favor was not warranted by the evidence. There was testimony that the plumber notified the plaintiff's daughter that he had put caps on the pipes, and that she had so informed her father previous to the accident. There was no evidence of the odor of escaping gas, or of any other fact calculated to warn the plaintiff that the plumber had not done his work properly.

*Exceptions overruled.*