FLORA ROLFE *vs.* NATHAN F. TUFTS & others.

CHARLES P. ROLFE *vs.* SAME.

Suffolk.   January 28, 1914. — February 26, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Landlord and Tenant. Agency,* Scope of authority. *Evidence,* Presumptions and burden of proof, Of agency.

The wife of a sublessee of a part of a building, living with her husband on the premises, has the same rights against the owner of the building as to personal injuries caused by a want of repair that her husband has and no more.

In an action by a sublessee of a part of a building, who had covenanted to make all repairs on the leased premises and not to hold his lessor liable for injury from want of repair, against the owner of the building, who in his lease of the whole building to the plaintiff's lessor had exempted himself expressly from such liability, for personal injuries alleged to have been caused by a defective gutter on the outside of a window of one of the rooms sublet to the plaintiff, where the plaintiff relied on evidence that a third person, who testified that at the time of the accident and before and after that time he was agent for the defendant, had undertaken to repair the gutter and had done this in a negligent manner

which was the cause of the accident, there was no evidence as to what the agency of this third person was or what authority he had to bind the defendant. *Held,* that there was no presumption that this third person had any authority to release the defendant's general lessee from the covenants of the lease by which the defendant had exempted himself from liability for such an injury, and much less was there a presumption that the third person was authorized to subject the defendant to liability to a sublessee with whom he had no contractual relation, and that therefore the plaintiff had shown no ground for recovery and was not entitled to go to the jury.

It is an elementary principle that, in an action where the defendant's liability depends on proof of agency, such agency cannot be established by acts and declarations of the person alleged to be an agent which are not shown to have been brought home to the defendant.

TWO ACTIONS OF TORT, against the owners of the building numbered 161 on Court Street in Boston, the first action for personal injuries sustained by the plaintiff Flora Rolfe from falling on the floor of the kitchen, in the part of the building subleased to that plaintiff's husband, by reason of water that flooded the floor from a defective gutter which it was alleged to have been the duty of the defendants to keep in a proper and safe condition, and the second action by the husband of the plaintiff in the first case for consequential damages. Writs dated September 24, 1910.

In the Superior Court the cases were tried together before *Wait,* J. The material facts shown by the evidence are stated in the opinion. In the course of the trial the plaintiffs offered to show that one Booth, the agent of the defendants, stated, within a few days after the date of the accident, in substance this: "We have had men working on that not long ago." This statement was offered as an admission that the defendants had undertaken to repair the gutter and the premises generally after their attention had been called to its defective condition by the plaintiff Charles P. Rolfe, in view of the fact that that plaintiff had testified that repairs were made after his complaint. The plaintiffs further stated that the evidence related to "work done on this particular gutter after the complaint of Mr. Rolfe." This evidence was excluded by the judge against the plaintiffs' exception. The other evidence excluded against the plaintiffs' exception related to the "life" or ordinary duration of a gutter such as the one in question.

At the close of the evidence the judge ruled that the evidence was not sufficient to entitle the plaintiffs to recover, and ordered

a verdict for the defendants in each of the cases. The plaintiffs alleged exceptions.

*C. J. Martell,* for the plaintiffs.

*T. W. Proctor,* for the defendants.

SHELDON, J. As the rights of both of these plaintiffs depend upon those of Flora Rolfe, she hereafter will be spoken of as the plaintiff.

The defendants were the owners of a building in Boston. They had given a lease of the entire building to one Marks, who himself occupied the street floor of the building and had given a lease of the upper part thereof to the plaintiff's husband. Both of these leases contained provisions whereby the lessees covenanted that they would "keep all and singular the said premises in such repair, order and condition as the same are in at the commencement of said term, or may be put in during the continuance thereof, damage by fire or other unavoidable casualty only excepted," and that "all property of whatever kind that may be on the premises shall be at the sole risk of the lessee, or those claiming under or through him, and the lessor or their heirs or assigns shall not be liable to the lessee or any other person for any injury, loss or damage, to any person, or property, on the premises." That is, as we understand the statement in the bill of exceptions, Marks had made these covenants with the defendants, and the plaintiff's husband had made the same covenants with Marks. There was no privity of contract between the plaintiff's husband and the defendants.

The plaintiff, it was alleged, had sustained a personal injury by falling upon the floor of a room in the premises leased by Marks to her husband. She offered evidence tending to show that her fall was due to the floor having been flooded and made slippery by a sudden rush of water into the room from a defective gutter on the outside of the window of the room; that the gutter previously had become worn out and leaky; that one Booth, who before the accident had been notified of the defective condition of the gutter, and who was agent for the defendants, had undertaken to repair the gutter, but had done this in a negligent manner and that the sudden inrush of water into her room was due to this negligence.

It is plain that the plaintiff, occupying these premises under the lease to her husband, had no greater rights than he would

have had. *Phelan* v. *Fitzpatrick,* 188 Mass. 237, 238. *Shute* v. *Bills,* 191 Mass. 433, 437. *Dalton* v. *Gibson,* 192 Mass. 1. *Domenicis* v. *Fleisher,* 195 Mass. 281, 283. *Nash* v. *Webber,* 204 Mass. 419, 421. The question is, therefore, whether he could have maintained an action against the defendants for the injury if it had happened to him in the same manner that it happened to his wife. But it is plain that under such circumstances neither he nor she could have maintained such an action, unless they could show that after the execution of the leases which have been mentioned the defendants undertook to make repairs upon the gutter, made such repairs, and made them in so negligent a manner as to cause this accident. *Galvin* v. *Beals,* 187 Mass. 250. *Miles* v. *Janvrin,* 196 Mass. 431.

But we find no such evidence in this record. There was evidence that Booth had undertaken to make such repairs, and had made them in a manner which could be found to have caused the accident and to have been negligent. But this was not enough. Booth testified also that he was "agent for the defendants" at the time of the accident and had been so both before and since that time. But there was no evidence as to what that agency was, what authority the defendants had given to him, or how far he was authorized to bind them. There could be no presumption that he had authority from them to release Marks from the covenants of the lease which they had given to Marks, so as to subject them to a duty or liability from which by those covenants they had carefully exempted themselves. Much less could it be inferred from the bare statement which was in evidence that he was authorized to subject them to such a duty or liability to a mere stranger, who had no contractual rights against them, and with whom he had as agent for the defendants no call to concern himself or to create relations which they themselves had no occasion to create. It follows that the foundation of the plaintiff's case fails. *Phenix Nerve Beverage Co.* v. *Dennis & Lovejoy Wharf & Warehouse Co.* 189 Mass. 82, 85.

None of the testimony excluded at the trial bore upon this fundamental question. It is elementary that Booth's authority could not be proved by evidence of his acts and declaration not brought home to the defendants. *Baker* v. *Gerrish,* 14 Allen, 201. *Deane* v. *American Glue Co.* 200 Mass. 459, 462. The other evi-

dence excluded was immaterial, unless there was, as we have seen that there was not, evidence to establish the fundamental facts on which the right to maintain the action rested.

In each case the entry must be

*Exceptions overruled.*