GWILYM THOMAS vs. SUSAN M. LANE.

Middlesex.   January 19, 1915. — June 22, 1915.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Negligence,* Of one controlling real estate.   *Landlord and Tenant,* Liability of landlord to tenant's invitee.

A landlord, who gratuitously promises a tenant that he will make certain repairs upon the demised premises and makes such repairs negligently, although, under the doctrine of *Gill* v. *Middleton,* 105 Mass. 477, he is liable for injuries to his tenant caused by such negligence, is not liable for an injury to an invitee of the tenant to whom the gratuitous promise was not made and to whom the landlord owed no duty in the matter.

TORT for personal injuries sustained by the plaintiff on the evening of September 8, 1912, in the manner and under the circumstances described in the opinion by reason of the giving way of a hand rail at the side of the front steps of the house numbered 33½ on Inman Street in Cambridge belonging to the defendant. Writ dated September 30, 1912.

In the Superior Court the case was tried before *Brown,* J., who at the close of the plaintiff's evidence, which is described in the opinion, ordered a verdict for the defendant and with the assent of the parties reported the case for determination by this court, with the stipulation that, if the ordering of the verdict was right, judgment should be entered on the verdict for the defendant; otherwise, that judgment should be entered for the plaintiff in the sum of $2,000.

*W. V. Taylor,* for the plaintiff.

*W. B. Luther,* for the defendant.

LORING, J.   The plaintiff in this action was walking on Inman Street in Cambridge during the evening of September 8, 1912. As he passed the house numbered 33½ on that street, one Eisenhauer, who was sitting on the front stoop, invited him to come up and sit down a while.   Thereupon the plaintiff went up to the top of the front steps, some eight in number, shook hands with Eisenhauer and put his hand upon a hand rail at the side of the steps. The hand rail gave way and the plaintiff fell to the ground with

it. The plaintiff's wrist was broken and this action was brought by him against Eisenhauer's landlord to recover compensation for that injury.

The house in question belonged to the defendant, but it and the whole of it had been let by her to Eisenhauer six months before the accident. At the trial the plaintiff proved that some three or four months before the accident the brother of Eisenhauer's wife fell off the steps of the house through the giving way of the rail substantially as it did when the plaintiff met with the accident here in question. At that time Eisenhauer's wife complained to the general agent of the defendant, and the defendant's agent undertook to repair the railing. There was evidence that there was negligence in making the repairs which the defendant's agent undertook to make, and the plaintiff seeks to recover from the landlord under the doctrine of *Gill* v. *Middleton,* 105 Mass. 477.

The defendant in effect has contended that the decision in *Gill* v. *Middleton* is in conflict with the subsequent cases of *McLean* v. *Fiske Wharf & Warehouse Co.* 158 Mass. 472, *Kearines* v. *Cullen,* 183 Mass. 298, *Galvin* v. *Beals,* 187 Mass. 250, *Phelan* v. *Fitzpatrick,* 188 Mass. 237, *Dalton* v. *Gibson,* 192 Mass. 1, *Rolfe* v. *Tufts,* 216 Mass. 563, and is no longer law. With the possible exception of a statement made in *Galvin* v. *Beals,* 187 Mass. 250, 252, there is nothing that even gives countenance to this contention. Mr. Justice Lathrop, in *Galvin* v. *Beals* said: "The general rule in this Commonwealth must be considered as settled that a tenant cannot recover against his landlord for personal injuries occasioned by the defective condition of the premises let, unless the landlord agrees to repair, and makes the repairs, and is negligent in making them." After stating that this is the "general rule" in this Commonwealth, Mr. Justice Lathrop on the next page deals with the exception to the general rule (although he did not speak of it as an exception) created by the decision in *Gill* v. *Middleton.* He there pointed out that the plaintiff in the case of *Galvin* v. *Beals* had not brought herself within the exception to the general rule created by *Gill* v. *Middleton* because there was no evidence in that case that the landlord (who was the defendant in *Galvin* v. *Beals*) undertook to repair that part of the demised premises which gave way and caused the accident to the plaintiff. The rule in *Gill* v. *Middleton* was ap-

plied in the subsequent cases of *Riley* v. *Lissner,* 160 Mass. 330; *Buldra* v. *Henin,* 212 Mass. 275; *McLeod* v. *Rawson,* 215 Mass. 257; it was referred to as law in *Dix* v. *Old Colony Street Railway,* 202 Mass. 518, 523; *Stewart* v. *Cushing,* 204 Mass. 154, 157; *Rolfe* v. *Tufts,* 216 Mass. 563, 566. It must be taken to be the law of the Commonwealth.

We assume that on the facts stated above (if there had been no other facts in the case at bar) Eisenhauer could have recovered against his landlord under the doctrine of *Gill* v. *Middleton* if he and not his invitee had been the person injured. But the question presented in the case at bar is whether the plaintiff, who went up the steps and used the railing upon Eisenhauer's invitation, can recover from Eisenhauer's landlord.

It is plain that the case at bar does not come within the doctrine of *Domenicis* v. *Fleisher,* 195 Mass. 281. The doctrine of *Domenicis* v. *Fleisher* applies to cases where the landlord is under an obligation to keep common passageways (remaining in his control), or to keep demised premises otherwise in control of the tenant in a safe condition for the use of the tenant and those entering the premises under the tenant's right. The distinction between a covenant or agreement to keep premises in a reasonably safe condition for the tenant (and those entering under the tenant's right) on the one hand and on the other hand a covenant or agreement to make all necessary repairs upon premises is pointed out and explained in *Miles* v. *Janvrin,* 196 Mass. 431, 433, and again in *Flanagan* v. *Welch,* 220 Mass. 186, 192.

We come therefore to the question whether a landlord who gratuitously undertakes to repair demised premises and does it negligently is liable under the doctrine of *Gill* v. *Middleton, ubi supra,* to any one but the other party to the contract by which the landlord undertakes (gratuitously) to make the repairs which are negligently made.

*Tuttle* v. *Gilbert Manuf. Co.* 145 Mass. 169, was a case in which the landlord had failed for an unreasonable time to make specific repairs which he had agreed to make upon the demised premises and in consequence of his failure the tenant had sustained personal injuries for which he undertook to hold the landlord liable. In deciding that the landlord in that case was not liable under those circumstances it was said by this court that if an ac-

tion had been brought against a third person who had contracted to make the repairs which the landlord had agreed to make and the third person had delayed performing the contract for an unreasonable time, the plaintiff could not have recovered from him compensation for personal injuries suffered by reason of the failure to make the repairs. And it was held that the liability of a landlord who had agreed to make repairs and had delayed making them for an unreasonable time stood on the same footing as that of a third person who had made such a contract and had been guilty of unreasonable delay in performing it. We are of opinion that the same reasoning applies in the case at bar and that where a landlord gratuitously or for hire undertakes to make repairs upon demised premises he is under no greater liability in case the repairs are negligently made than a third person would have been if a third person had undertaken to make the same repairs either gratuitously or for hire and had made them negligently.

Upon the question whether a third person under these circumstances is liable to any one but the other party to the contract, *Winterbottom* v. *Wright*, 10 M. & W. 109, is the leading case. That was a case in which the defendant had undertaken to provide the Postmaster General with a mail coach in which to carry the mails and the plaintiff, who had been employed to drive the mail coach, was injured through the breaking down of the coach from what would have been negligence in its maintenance or construction if any duty in the premises had been owed by the defendant to the driver. It was held that, the plaintiff not being a party to the contract by which the defendant had undertaken to provide a safe coach, no duty was owed by the defendant to him in the premises, and that he could not recover, although the defendant had performed his contract with the Postmaster General in a negligent way.

*Winterbottom* v. *Wright* has been cited with approval in *Albro* v. *Jaquith*, 4 Gray, 99, 102, *Davidson* v. *Nichols*, 11 Allen, 514, 520, *Osborne* v. *Morgan*, 130 Mass. 102, 104, and is the law of the Commonwealth. See *Lebourdais* v. *Vitrified Wheel Co.* 194 Mass. 341. Cases in other jurisdictions affirming the doctrine may be found below.*

---

* *Savings Bank* v. *Ward*, 100 U. S. 195. *Losee* v. *Clute*, 51 N. Y. 494. *Marquardt* v. *Ball Engine Co.* 122 Fed. Rep. 374. *McCaffrey* v. *Mossberg &*

There was no evidence in the case at bar to bring this case within the limitation of the doctrine of *Winterbottom* v. *Wright*, founded upon the proposition that when a defendant knowingly sets a dangerous article in motion he is liable, as to which see *Lebourdais* v. *Vitrified Wheel Co. ubi supra*, 343.

It remains to consider the fact that in *Gill* v. *Middleton* the wife of the tenant recovered compensation for injuries suffered by her. Although that must be taken to be the fact in *Gill* v. *Middleton*, it is a fact which was not discussed by this court in deciding that case. So far as *Gill* v. *Middleton* is an authority for the right of the wife of that tenant to recover compensation for injuries suffered by her (through the negligence of the landlord who had undertaken gratuitously to make repairs) it must be taken to be an authority depending upon the special circumstances of that case. The statement in the report is that "These facts appeared: . . . The privy was out of repair, and the plaintiffs requested the defendant to put it in repair. He said that he would do so, and accordingly made some repairs on it, himself, with the aid of a common laborer; and, after finishing them, he told Mrs. Gill that he had made it safe, so that she need not fear to use it." It appears, therefore, that in that case the undertaking of the landlord to put the privy in repair was an undertaking not with the tenant alone but an undertaking with the tenant and his wife; and further that the defendant landlord recognized that his undertaking was an undertaking with the wife as well as with the tenant by giving her the assurance ("after finishing them") "that he had made it safe, so that she need not fear to use it." In addition to this the right of the wife to recover in *Gill* v. *Middleton* was put on this ground in the charge under which the verdict in favor of the wife was found. The presiding judge instructed the jury in these words: "If the jury are satisfied, from the evidence, that the defendant agreed to assume the repair of the privy, and did in fact repair the same himself, and thereafter assured the female

---

*Granville Manuf. Co.* 23 R. I. 381. *Heizer* v. *Kingsland & Douglass Manuf. Co.* 110 Mo. 605. *O'Neill* v. *James*, 138 Mich. 567. *Zieman* v. *Kieckhefer Elevator Manuf. Co.* 90 Wis. 497. *Marvin Safe Co.* v. *Ward*, 17 Vroom, 19. *Curtin* v. *Somerset*, 140 Penn. St. 70. *Cobb.* v. *Clark Co.* 118 Ga. 483. *Sawyer* v. *Minneapolis & St. Louis Railway*, 38 Minn. 103. *Heindirk* v. *Louisville Elevator Co.* 122 Ky. 675.

plaintiff that the same was safe and in good repair, but in point of fact the same was not put in safe repair, by reason of the want of ordinary skill or care in the workmanship or selection of materials on the part of the defendant, and the female plaintiff, relying on the said assurance of the defendant, and using due care herself, was injured, then the plaintiffs may recover." And this court adopted that when it said at the end of the opinion: "The jury under proper instructions have found the defendant guilty of culpable negligence, and accordingly the exceptions are overruled." The decision in *Gill* v. *Middleton* that the wife of the tenant in that case could recover compensation for injuries suffered by her through the landlord's negligence in making the repairs which he undertook gratuitously to make depended upon the peculiar facts of that case, and that case is not an authority for the proposition that in the ordinary case where a landlord undertakes gratuitously to make repairs for his tenant any duty arises on the part of the landlord to persons other than the tenant.

For these reasons we are of opinion that the plaintiff, being an invitee of the tenant, had no right of action against the defendant (the landlord) by reason of the fact that the repairs which she through her general agent had undertaken to make in the railing were made negligently; and that this is so because the landlord under the circumstances of the case at bar owed no duty in the matter to the tenant's invitee.

It follows under the terms of the report that judgment must be entered on the verdict for the defendant; and it is

*So ordered.*