JOSEPH RUDY *vs.* AMERICAN RAILWAY EXPRESS COMPANY.

Suffolk.   October 23, 24, 1924. — November 26, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Agency,* Existence of relation.   *Evidence,* Of agency.   *Estoppel.*

A consignor of goods was not entitled to have submitted to a jury an action of contract or tort against an express company for loss or failure of delivery of the goods where the evidence of the plaintiff at the trial tended merely to show that he delivered the goods to a person who called in response to a call card furnished to him for use by a driver employed by the defendant and that that person displayed a cap and badge tending to indicate that he was an employee of the defendant; and undisputed evidence of the defendant tended to show that the person who received the goods was not an employee of the defendant but previously had been such and had been discharged, and that the goods never were received by the defendant.

CONTRACT OR TORT for goods alleged to have been delivered by the plaintiff to the defendant for shipment, the plaintiff alleging that the goods were lost or, through negligence of the defendant, had not been delivered.   Writ dated September 29, 1921.

In the Superior Court, the action was tried before *O'Connell,* J.   Material evidence is described in the opinion.   At the close of the evidence, a verdict was ordered for the defendant. The plaintiff alleged exceptions.

*H. B. Ehrmann,* for the plaintiff.

*A. M. Pinkham & L. C. Sprague,* for the defendant, were not called on.

BRALEY, J.    This is an action of tort, or contract, to recover the value of nine bundles of clothing which the defendant, a common carrier of merchandise, is alleged to have negligently lost, or failed to deliver, under a contract of transportation from Boston, Massachusetts, to Norfolk, Virginia.    The trial court directed a verdict for the defendant and the case is here on the plaintiff's exceptions.

The jury would have been warranted in finding that the plaintiff's shipper on December 24, 1920, having packed and addressed nine bundles of clothing for shipment to Rhoads & Swartz, Norfolk, Virginia, hung out a call card of the defendant which he obtained from one of the defendant's drivers.    In apparent response to the call a man came, wearing a cap with a monogram, and an overall suit with a badge of the defendant, to whom he delivered the bundles, and from whom he received a receipt for the shipment, signed " Carney."    The bundles were never received by the consignees and a claim for damages for the loss was seasonably made by the plaintiff.    The uncontroverted evidence of the defendant showed that the defendant had no record of the shipment, and that none of its employees authorized to accept shipments at its place of business had received the bundles, and that the plaintiff had been defrauded by an impostor, who, having purloined the cap and badge, represented himself as the defendant's agent.    The plaintiff's shipper in his evidence identified one Howlett, then in the court room, as the man who had signed the name " Carney," and obtained the bundles.    While the plaintiff did not call him, Howlett, who had been employed by the company as a helper, but had been discharged prior to the date of the alleged shipment, testified for the defendant, and fully described the theft and use of the badge, and his asportation of the shipment.

The plaintiff contends that, because of the implied representation of agency resulting from the use of the badge, the defendant is estopped from denying liability.    But the defendant is not shown to have been at fault.    It did not mislead the plaintiff by holding out Howlett as its ostensible agent.    The larceny of the badge shows no breach of duty to

the plaintiff. *Tracy* v. *Lincoln*, 145 Mass. 357, 360. *Seretto* v. *Schell*, 247 Mass. 173. It was necessary for the plaintiff to introduce evidence from which it could be found that Howlett was the defendant's agent, and having gone no further than to show that he purported to act for the company, and not for some one else, the exceptions must be overruled. *Rolfe* v. *Tufts*, 216 Mass. 563, 568.

*So ordered.*