Sullivan, J.
By this action of tort, the plaintiff seeks damages for injuries received by her; and her husband, Louis Barron, seeks consequential damages. The latter plaintiff was a tenant of the defendant and his wife received injuries to her fingers when she attempted to pull down the top sash of the window in their bedroom and they were caught between the top and lower sashes.
When the defendant came into possession of the premises the plaintiffs were tenants of the preceding landlord and the agreement as to rent was continued without any other agreement being made between the parties.
The facts are fully set out in the trial court’s finding which follows. The cause of action arose on November 22, 1942 in suite 4 on the second floor of the premises 371 Broadway, Cambridge. That after repeated complaints by the plaintiffs of the failure of the window to open properly the defendant sent his employees on November 22, 1942 to *145 make the necessary repairs to it; that the window was taken out by the repair men when apparently new window cords were put in; that after such repairs the men tested the window and the same worked properly; the men then told the plaintiffs that everything was in satisfactory condition and the window was in proper condition to use; that on the following morning at one o’clock the tenants returned to their apartment and the female plaintiff attempted to open the top sash of the window which had been repaired when it became loose and dropped down in such a manner that her fingers were wedged in between the sashes when the husband in order to free her fingers had to use a pair of heavy scissors, taking about ten minutes in doing so causing the plaintiff’s hands and fingers to become lacerated; “that the top sash fell down because of a defective condition in the cord which was negligently installed in the window sash by the employees of the defendant; that a finding was made for the plaintiffs and because of the findings above made, the requests of the defendant were denied.”
The report is alleged to contain all the evidence material to the issues involved.
It is the contention of the defendant that the repairs were made by men employed by Hunneman & Company who had full charge of collecting rents and maintenance and the latter were independent contractors and therefore it is not liable for the acts of such contractors. It is to be noted that the issue of an independent contractor was not raised in the report. As has frequently been stated, this division is limited to issues raised within the four corners of the report. Such issue having been tardily raised we *146 cannot pass upon the same. Weiner vs. D. A. Schulte Inc., 275 Mass. 379, 384, 385. Mass. Building Finish Co., Inc. vs. Brenner, 288 Mass. 481, 484. Bresnick vs. Heath, 292 Mass. 293, 296. Coleman vs. Wallace, 299 Mass. 475, 477. Himmelfarb vs. Novadel Agene Corp., 305 Mass. 446, 449.
The second issue raised by the defendant relates to the admissibility of evidence wherein the workmen engaged by Hunneman after making repairs to the sash informed the plaintiffs that everything was in satisfactory order and that the window was in proper condition to operate.
The trial court has found these repairmen to be employees of the defendant. It therefore is within the scope of their employment as such repairmen to assure the plaintiffs that their work was properly done and the sash was in good usable repair.
In Gill vs. Middleton, 105 Mass. 477, 479, the landlord undertook to make repairs upon a building, a part of the premises, after complaint had been made by the plaintiff. The defendant, assisted by a workman, undertook to make the privy safe for the usé of the plaintiff when such work was done, invited the plaintiff to make use of the building, assuring her that it was perfectly safe. The privy proved •to be unsafe when used by the plaintiff and the court stated by reason of the want of ordinary care and skill on the part of the defendant in the workmanship or in the selection of the materials used, he might be held responsible.
In Riley vs. Lissner, 160 Mass. 330, 331, the plaintiff, a tenant of the defendant, was injured in stepping on a cesspool cover, which was loosely placed back into position after the cesspool had been cleaned by the defendant. The court found that the act of the defendant in replacing the cover after the work was done, warranted the plaintiff in assum *147 ing that he had done so, and would not leave the cover on the hole to make it unsafe for her to step on it.
In Buldra vs. Henin, 212 Mass. 275, 277, 278, the defendant landlord in making repairs in openings in some gas pipes, through which the gas, when turned on at the meter, would escape into the rooms, engaged a plumber to remedy the defect. The plumber notified the plaintiff’s daughter that he put caps on the pipes and that she so informed her father (husband of the female plaintiff) previous to the explosion. The court found that though the contract of letting imposed upon the defendant no obligation to put the premises in tenantable condition or to make repairs, she became liable for a failure to perform the work with reasonable skill and care and that the plaintiff tenant was entitled to recover for personal injuries received by the explosion.
Rudomen vs. Green, 299 Mass. 485, 487, was a case where the landlord and a helper made repairs in the tenement of the plaintiff who was assured by the defendant that everything* was “O. K.”. Material that was used in making the repairs was negligently left on the floor of the plaintiff’s tenement wherein he stepped on a protruding nail that was imbedded on a piece of wood lying on the floor. The court found that the tenement was unsafe by reason of the want of ordinary care and skill on the part of the defendant and the plaintiff could recover for injuries received.
Diamond vs. Simcovitz, 310 Mass. 150, 151, was a case where the railing* on a second story piazza became weakened and aftér notice of such condition was received by the defendant, the latter sent a workman to repair it and *148 after the repairs the railing was “still shaky”. The court there decided “that the jury could find that the repairing of the railing was negligently done and that if this work had been properly performed the accident would not have occurred”. Hyatt vs. Phillips, 294 Mass. 375. Cleary vs. Union Realty Co., 300 Mass. 312.
These cases above cited are predicated upon the negligence of the repairmen who performed their work in an unskillful manner, lacking the want of ordinary care or using faulty materials.
Findings of fact made by a trial judge in an action at law cannot be reversed unless they cannot be supported on any rational view of the evidence. Abete vs. Dietz, 312 Mass. 685, 690. Winchester vs. Missin, 278 Mass. 427. Graustein vs. H. P. Hood & Sons, Inc., 293 Mass. 207. Charles I. Hosmer, Inc. vs. Commonwealth, 302 Mass. 495. Memishian vs. Phipps, 311 Mass. 521. Howard vs. Malden Savings Bank, 300 Mass. 261.
There was no prejudicial error in denying the defendant’s requests for rulings as the judge by clear and definite findings demonstrated they were inapplicable and immaterial because of the findings. Himmelfarb vs. Novadel Agene Corp., 305 Mass. 446, 448. Mericantante vs. Boston & Maine Railroad, 291 Mass. 261, 263. Comm. vs. Hull, 296 Mass. 327, 337.
There was credible evidence to warrant the finding. Report dismissed.