HART PACKING COMPANY *vs.* COURTENAY GUILD.

Suffolk.    November 17, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Of one owning or controlling real estate.    *Evidence,* Competency.    *Practice, Civil,* Whether question for court or for jury.

At the trial of an action of tort by a tenant in a business building against a tenant of a floor above, who held under a lease requiring him to keep the plumbing in the same order in which it was when his tenancy began and to save the lessor harmless from loss or damage caused by the bursting of water pipes, there was evidence tending to show that the leak was on premises of the defendant and was due to a small crack in a lead pipe supplying a urinal.    There was no positive evidence as to the age of the pipe or whether it was the original pipe, as to when the plumbing was installed in the building, or as to what pressure the pipe would stand.    *Held,* that

(1) A motion by the defendant to strike out evidence of water leaking into the plaintiff's premises from the defendant's on previous occasions, which the judge had admitted subject to an undertaking by the plaintiff

to prove "leaks in the same pipe from which this leak came," should have been allowed, no evidence having been introduced tending to show the cause of the previous leaks;

(2) The trial judge committed error in leaving to the jury the determination of the question, whether the previous leaks were "sufficiently connected" with the leak which was the basis of the action: it was the province of the judge to decide the questions of fact necessary to determine the question of the admissibility of such offered evidence and such preliminary question in the circumstances should not have been submitted to the jury;

(3) Evidence, admitted subject to exception by the defendant and tending to show that the sudden turning off of a faucet with a self-closing spring would cause a strain on the pipe, and as to an increase of water pressure in the building over what it had been at previous times not stated, should have been excluded in the absence of evidence that the leak was caused by the use of a self-closing faucet or the increase in pressure.

(4) Judgment for the defendant was ordered under G. L. c. 231, § 122.

TORT against the defendant, doing business as Curtis Guild and Company, for damages suffered by the plaintiff by reason of a leak in a water pipe on premises occupied by the defendant, who was a tenant of premises above the place of business of the plaintiff. Writ dated December 7, 1922.

In the Superior Court, the action was tried before *Sanderson*, J. It appeared that in the lease of the premises to the defendant, the defendant covenanted to "keep all and singular the said premises, including the plumbing, in such repair, order and condition as the same are in at the commencement of said term, or may be put in during the continuance thereof (damage by fire or other unavoidable casualty only excepted);" and to "pay all taxes for the use of water during the continuance of this Lease and will save the Lessors and their representatives harmless from all loss or damage occasioned by the misuse of water by the Lessees, or those having their estate in the premises, or by the bursting of the pipes . . . ."

Material evidence and exceptions saved by the defendant relating thereto are described in the opinion. At the close of the plaintiff's evidence, the defendant rested and moved that a verdict be ordered in his favor. The motion was denied. The jury found for the plaintiff in the sum of $644. The defendant alleged exceptions.

*E. I. Taylor*, for the defendant.

*J. T. Pugh*, for the plaintiff.

PIERCE, J.   This is an action of tort to recover damages for injuries to certain personal property of the plaintiff, on September 30, 1922, in consequence of water coming from the premises of the defendant.   The plaintiff and the defendant were tenants of a common landlord.   The plaintiff occupied under a lease the entire half of the second floor at No. 144 High Street, Boston, with the exception of a small room on the side, and under a similar lease the defendant occupied on September 30, 1922, and had occupied since February, 1913, the whole of the third floor of the building numbered 142 to 146 High Street, Boston.

At the trial before a jury, evidence was introduced that water, on September 30, 1922, dripped " pretty fast " from a matched board ceiling over an area five feet square and a quantity of cardboard boxes, saturated the stock, and damaged it.   There was evidence that, above the ceiling where the leakage occurred, on the premises of the defendant, there was a toilet room, in which " there was a wash basin, a flush closet and a urinal."   There was evidence that there was a main supply pipe for water which came into the room and went " right up through the building," and that from this pipe there were branches " one to the urinal, one to the flush closet, and one to the wash basin "; that at the back of the urinal there was a marble slab parallel with the wall of the building; that " after some difficulty " a plumber located the leak behind the marble slab, " it couldn't be seen from the front," and there " found a small slit, just a small crack in the pipe, the urinal supply pipe, which was a lead pipe, probably five-eighths of an inch in diameter."

There was no positive evidence of the age of the urinal supply pipe, nor of its being the original pipe.   There were two bends in this pipe near the place of the slit, one in each side of the urinal, one going up and one running down to the wash basin.   The faucet in the pipe had a self-closing spring; this snaps the water off much faster, if one lets "go of it quick" than a "compression cock," which turns by hand; such a faucet has been long in common use.   When the faucet

is turned off sharply, the pipe resists '' in the weakest part of the pipes in the building," in this case "where the split came."

There was no evidence when the plumbing was installed in the building. There was evidence that a " good heavy lead pipe is good for twenty-five or thirty years " and " ought to go its full limit "; that at the time of the leak in the High Street district there was a water gauge pressure of eighty-five pounds, and that this pressure was greater by five or six pounds than it had been, at a time not stated. There was no evidence of the ability of the pipe to sustain the water pressure of eighty-five pounds or to the effect that it was not sufficiently heavy to do so safely or that a pressure reducing valve was required, nor positive evidence that there was not any reducing tank there in use. The plumber cut out the place where the slit or crack had occurred, pulled the pipe together and soldered it, making a joint.

On the undertaking of the plaintiff to prove " leaks in the same pipe from which this leak came," subject to the exception of the defendant, the judge allowed the plaintiff to introduce evidence that water leaked through to the ceiling at the same place at a time in the summer of 1921, and again at a time in the summer of 1922, and again at another less definite time. There was no evidence as to the cause of any one of the three leaks that occurred before September, 1922.

On the evidence reported, the motion to strike out all the evidence relating to prior leaks should have been granted; and the question, whether the prior leaks were " sufficiently connected " with the leak of September 30, 1922, should have been determined by the judge and not submitted as a question of fact to the jury. It is the province of the judge who presides at a jury trial to decide all questions of fact which may be necessary to determine the question of the admissibility of offered evidence, and such preliminary question of fact should not be submitted to the jury, unless the determination of the preliminary fact falls within certain established exceptions to the general rule, of which the case at bar is not one. *Gorton* v. *Hadsell,* 9 Cush. 508. *Commonwealth* v. *Reagan,* 175 Mass. 335, 336. *Ames* v. *New York, New Haven & Hartford Railroad,* 221 Mass. 304, 305.

We think the evidence relating to the effect of turning on or off the self-closing faucet and to the increase in pressure in city mains, in the absence of evidence that the leak was attributable to one or both of these possible causes, was inadmissible.

On all the evidence, the motion for a directed verdict for the defendant should have been granted, and it is now ordered under G. L. c. 231, § 122.

*Judgment for the defendant.*