ANDREW J. RYAN & another *vs.* BOSTON HOUSING
AUTHORITY.

Suffolk.    December 3, 1947. — January 28, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant,* Repairs, Construction of lease, Landlord's liability to tenant or his family or his invitee.

A landlord who has gratuitously made repairs to the premises let is not liable for personal injuries sustained by the tenant as a result of the repairs unless the landlord was grossly negligent in making them.

No undertaking by a lessor to keep the demised premises in repair was to be implied from provisions of the lease, which was terminable by either party upon a short notice, for payment by the lessee for all damage to the premises other than that due to causes beyond his control, for his surrendering the premises in good order and repair at the end of the lease, for his reporting any damage to the premises to the lessor, forbidding him to make any "alterations or repairs" of the premises, and giving to the lessor the right to enter the premises at reasonable times "to make such repairs . . . as may be deemed necessary for the preservation thereof or of the building."

TORT.    Writ in the Superior Court dated August 24, 1945. The action was tried before *O'Connell,* J.

*N. H. Kolodny,* for the plaintiffs.

*P. S. Ratzkoff,* (*R. B. Coulter* with him,) for the defendant.

WILKINS, J.    This is an action of tort by Letitia Ryan, a tenant under a written lease, to recover for personal injuries received on the leased premises by the fall of a leg of a sink which the defendant lessor is alleged to have repaired negligently.    There is a count for medical expenses

by her husband. G. L. (Ter. Ed.) c. 231, § 6A, as inserted by St. 1939, c. 372, § 1. After verdicts for the plaintiffs the judge entered verdicts for the defendant under leave reserved. The only question is whether the evidence warranted verdicts for the plaintiffs.

There seems to have been no dispute as to the facts. On July 27, 1945, an iron leg of a sink became detached and fell to the floor. The female plaintiff notified the defendant's office, and on the same day "someone" came and in "five or ten minutes" put the leg back in position. On August 3, 1945, the leg, which had not been disturbed by the female plaintiff, without apparent cause fell upon her foot.

The defendant is "a public body politic and corporate." G. L. (Ter. Ed.) c. 121, § 26K, as appearing in St. 1946, c. 574, § 1. See formerly § 26L, as appearing in St. 1938, c. 484, § 1. *Allydonn Realty Corp.* v. *Holyoke Housing Authority*, 304 Mass. 288, 290. It is "liable in contract or in tort in the same manner as a private corporation." G. L. (Ter. Ed.) c. 121, § 26V, as appearing in St. 1946, c. 574, § 1. See formerly § 26FF, as inserted by St. 1938, c. 484, § 1. *Johnson-Foster Co.* v. *D'Amore Construction Co.* 314 Mass. 416, 419.

It is well settled that a landlord who makes repairs not in pursuance of any contract is liable only for gross negligence in the performance of that gratuitous undertaking. *Bergeron* v. *Forest*, 233 Mass. 392, 398. *Diamond* v. *Simcovitz*, 310 Mass. 150, 152. *Greenway Wood Heel Co. Inc.* v. *John Shea Co.* 313 Mass. 177, 181. *Blood* v. *Dewey*, 315 Mass. 500, 503. *McDermott* v. *Merchants Cooperative Bank*, 320 Mass. 425, 427. In the present case neither was gross negligence alleged nor was there any evidence tending to prove it.

The lease, dated March 1, 1943, was for the term of one calendar month, and "Unless terminated as herein provided . . . shall be automatically renewed for successive terms of one month each at the same rental per month, payable in advance on the first day of each calendar month." Either party could terminate the lease without cause "on any day during any term" by giving fourteen days' written

notice. There is no contention that there was any express undertaking to repair by the landlord, but it is argued that the following provisions constituted such an agreement by implication: "The tenant . . . agrees . . . to pay as further rental, when billed, for any damage to the premises herein leased or to any equipment therein, except damage from causes beyond the control of the tenant or his family. . . . To quit and surrender the premises herein leased promptly upon the expiration or termination of this lease, in good order and repair, reasonable wear and tear excepted." "The tenant shall not make any alterations or repairs to the premises or of the equipment therein and shall not install any additional locks or fixtures." "The tenant shall report to the management office at once any accident or injury to . . . . fixtures, or other property of the authority and all breakage, damage, or loss of any kind." "The authority or its representatives shall have the right to enter the tenant's premises during all reasonable hours to examine the same or to make such repairs, additions, or alterations as may be deemed necessary for the preservation thereof or of the building . . .."

The quoted provisions did not amount by implication to an agreement to repair on the part of the landlord. The reservation of the right to enter to make such repairs "as may be deemed necessary" imported no reservation of control. *Stone* v. *Sullivan*, 300 Mass. 450, 454, and cases cited. See *265 Tremont Street, Inc.* v. *Hamilburg*, 321 Mass. 353, 359. A covenant that the tenant shall surrender the premises at the end of the lease "in good order and repair, reasonable wear and tear excepted," means that he shall turn over the premises in rentable condition. *Weeks* v. *Wilhelm-Dexter Co.* 220 Mass. 589. Such a covenant does not impose upon a tenant the duty to keep the premises in rentable repair during the lease, and is fulfilled by vacating the premises in that condition. *Atkins* v. *Chilson*, 9 Met. 52, 63. *Hill* v. *Hayes*, 199 Mass. 411, 416. *Massachusetts Home Missionary Society* v. *Sirianni*, 252 Mass. 352. That covenant in the case at bar was not inconsistent with the provision that the tenant should not make repairs, but it is

to be interpreted as a requirement that the tenant should respond in damages for failure to deliver the premises in the prescribed condition. See *Crystal Concrete Corp.* v. *Braintree,* 309 Mass. 463, 470. Much less did it amount to a promise by the landlord to make the repairs. Nor could such a promise be found in the provisions that the tenant should notify the management office of any accident, injury, or damage, or that he should pay for damage not beyond his control. It is not an unreasonable interpretation that, where the tenancy was terminable upon short notice, neither party had undertaken any duty of repair during the tenancy. This is in accord with the general rule for construction of leases that all provisions should be read together and where possible all the language given a reasonable meaning. *Ginsburg* v. *Jacobson,* 276 Mass. 108. *Codman* v. *Hygrade Food Products Corp.* 295 Mass. 195, 199.

There was nothing in the other evidence which warranted a finding of an agreement to repair by the landlord. We need refer to but one matter. One of the interrogatories propounded by the plaintiffs to the defendant was whether there was any understanding or agreement between the parties as to the care of plumbing fixtures on the premises. The defendant's answer was, "The defendant upon notice by the tenant makes such repairs as, in its discretion, are necessary or required." This added little, if anything, to what was disclosed by the lease. "The fact that the landlord makes other repairs is not evidence that he agreed to keep the premises in repair." *Galvin* v. *Beals,* 187 Mass. 250, 253, and cases cited. *Martin* v. *Rich,* 288 Mass. 437, 440.

Certain cases cited by the plaintiffs at the oral arguments are distinguishable. The lease was not ambiguous, as in *Nash* v. *Webber,* 204 Mass. 419, 424–425, or as was the oral contract in *Crowe* v. *Bixby,* 237 Mass. 249, 252–253. There was no evidence of a concealed defect known to the landlord at the time of the letting, as in *Cowen* v. *Sunderland,* 145 Mass. 363, 365, and *Borden* v. *Hirsh,* 249 Mass. 205, 211. Analysis of the pertinent principles is not furthered by denominating the condition a "trap". *Partridge* v. *United*

*Elastic Corp.* 288 Mass. 138, 144. The true ground of the decision in *Rudomen* v. *Green,* 299 Mass. 485, was not any technicality of the law of landlord and tenant as to the duty to repair but rather the leaving of a dangerous article in circumstances amounting to a violation of the simple duty of the defendant to refrain from negligent conduct causing injury to the plaintiff. See *Rasimas* v. *Swan,* 320 Mass. 60, 62; *Peay* v. *Reidy,* 321 Mass. 455, 458.

*Exceptions overruled.*