MINNIE COLLINS *vs.* EDNA M. GOODRICH.

Essex.    December 7, 1948. — April 27, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence*, Repairs.  *Landlord and Tenant*, Repairs, Landlord's liability
    to tenant or his family or his invitee.

A finding would not have been warranted that a landlord was negligent
    toward a tenant in permitting a plumber, whom he had employed to
    install new water pipes in a dwelling already occupied by the tenant,
    to store the pipes temporarily on the floor of the kitchen where the
    tenant tripped over them, it appearing that the tenant knew when he
    moved in that the work was to be done as a part of the letting and
    knew of and did not object to the temporary storing of the pipes, and
    that their location on the kitchen floor was open and obvious.

TORT.    Writ in the Superior Court dated February 20,
1947.

The case was tried before *Brogna*, J.

*B. J. Lojko*, for the plaintiff.

*H. D. Linscott*, for the defendant.

SPALDING, J.    At the close of the evidence in this action
of tort the judge directed a verdict for the defendant sub-
ject to the plaintiff's exception, and the correctness of this
action is the only question for decision.

Facts which could have been found are these.    On or
about September 24, 1945, the plaintiff moved into a seven
room house owned by the defendant, pursuant to a prior
oral agreement fixing the rent at $30 a month.    As part
of the agreement the defendant promised to make certain
repairs which included the installation of new water pipes
in the kitchen.    There was a delay in procuring a plumber
and the plaintiff moved in before the plumbing job had
begun.    In January, 1946, the defendant after obtaining
an estimate from one Sullivan, a master plumber, engaged
him to do the work.    Late in the afternoon of January 17,

1946, Sullivan informed the defendant that the pipes which he was planning to install in the kitchen were "all ready" and requested permission to leave them in the kitchen so that they would not be stolen. The defendant assented and told him that the back door was not used much and to put the pipes in the kitchen "under the gas stove and out along." The pipes, which were half inch copper tubing approximately twelve and a half feet in length, were placed so that they "started at the sink . . . went along the floor underneath the refrigerator, across the back door, underneath the gas stove, and continued on." They ran the whole length of the kitchen and were parallel to the wall. The plaintiff knew that the pipes were there and did not object. That night when she locked the back door she "must have stepped over the pipes to do it."

On the following morning the plaintiff, after tending to some duties in the kitchen, walked toward the back door for the purpose of unlocking it, and as she did so she tripped over the pipes which were a "little over a foot from the back door." "The rolling of the pipes pitched . . . [her] and . . . [she] landed in the corner." "It was light [and] she did not need electric lights on." She "just walked over there and . . . didn't think about the pipes." She could have seen them if she had looked down, but she had forgotten they were there. As she walked toward the door she was facing the pipes.

Despite the testimony of the defendant that the payment of rent was not to commence until the repairs had been completed, there was evidence which would have warranted a finding that the plaintiff's occupation at the time of the accident was as a tenant rather than as a gratuitous licensee. Compare *Sordillo* v. *Fradkin*, 282 Mass. 255, 257; *Herman* v. *Golden*, 298 Mass. 9, 12. And, since it does not affect the result, we assume that the plaintiff was not lacking in due care, notwithstanding her previous knowledge that the pipes were in the kitchen. See *Reagan* v. *Belmont*, 316 Mass. 467, 469–470; *Winchester* v. *Solomon*, 322 Mass. 7, 11.

We need not decide whether, as the defendant has argued, the evidence would require a finding that Sullivan was not a servant or agent of the defendant but an independent contractor, for, even if he were the latter, the defendant might nevertheless be liable for his conduct. The evidence shows that she not only consented to his placing the pipes where he did but even gave him directions concerning where they should be placed. "The employer of an independent contractor is subject to the same liability for bodily harm caused by an act or omission committed by the contractor pursuant to the orders or directions negligently given by the employer, as though the act or omission were that of the employer himself." Restatement: Torts, § 410. See *Mahar* v. *Steuer*, 170 Mass. 454; *Christiansen* v. *Lannin*, 215 Mass. 322. Thus if the defendant directed Sullivan to do an act which she knew or should have known involved an unreasonable risk of causing bodily harm to others she might be liable. Restatement: Torts, § 410, comment c and illustration 4.

It remains to consider whether in causing the pipes to be left where they were the defendant could have been found to be negligent. The answer to this question does not depend upon any technicality of the law of landlord and tenant as to the duty to repair but is to be determined on the basis of whether there has been a violation of "the simple duty of the defendant to refrain from negligent conduct causing injury to the plaintiff." See *Peay* v. *Reidy*, 321 Mass. 455, 458, and cases cited; *Ryan* v. *Boston Housing Authority*, 322 Mass. 299, 303. We are of opinion that the evidence here would not warrant a finding that that duty was violated. The plaintiff knew when she moved into the premises that repairs were to be made. That was one of the terms of the letting. It is not to be expected that a house where extensive repairs are to be made will remain at all times in its normal state. The placing of the pipes in the kitchen was incidental to the repairing of the house. The plaintiff knew of this and did not object. Their location was open and obvious. In these circumstances the

defendant was under no obligation to warn the plaintiff of that which was self evident. *Sterns* v. *Highland Hotel Co.* 307 Mass. 90, 96, and cases cited. *Forgione* v. *Frankini Construction Co.* 308 Mass. 29, 31. The case at bar is unlike *Rudomen* v. *Green*, 299 Mass. 485, on which the plaintiff heavily relies. In that case the defendant landlord personally undertook to make repairs on premises occupied by the plaintiff as his tenant. Upon completion of the repairs he notified the plaintiff that the job was finished and that "everything was O. K." The plaintiff shortly thereafter when entering the room where the repairs had been made stepped on a nail protruding from a board which had been left there by the defendant without the plaintiff's knowledge. It was held that these facts warranted a finding of negligence. If in the case at bar the pipes had been placed in the kitchen without the plaintiff's knowledge the legal consequences might be different. See *Henebury* v. *Cabot*, 288 Mass. 349; *Bacon* v. *Jaques*, 312 Mass. 371, 373–374; *Peay* v. *Reidy*, 321 Mass. 455, 458, 459.

*Exceptions overruled.*