WINIFRED BARRETT *vs.* WOOD REALTY INC.

Suffolk.    April 4, 1956. — June 29, 1956.

Present: QUA, C.J., WILKINS, WILLIAMS, COUNIHAN, & WHITTEMORE, JJ.

*Agency,* Scope of authority or employment. *Evidence,* Admissions and confessions, Relevancy and materiality. *Landlord and Tenant,* Landlord's liability to tenant or one having his rights, Portion of premises in control of landlord, Repairs, Drain. *Negligence,* Drain, Repairs. *Volunteer. Words,* "Gratuitous," "Voluntary."

At the trial of an action against a corporation owning an apartment building for personal injuries sustained by a tenant of an apartment when she slipped and fell in the bathroom of her apartment several hours after the janitor had cleaned up the bathroom following the overflowing of water from its fixtures, a statement of the janitor to the plaintiff as he was leaving the apartment that the bathroom was all right and fit for use and an admission to the plaintiff by the corporation's rent collector and clerk of its liability for her injuries were properly excluded from evidence as not shown to be within the scope of their respective employment or authority. [373–374]

At the trial of an action by a tenant of an apartment in an apartment building against her landlord for injuries sustained as a result of slipping and falling in the bathroom of her apartment after water had overflowed from the bathroom fixtures, evidence that water had overflowed in that bathroom on earlier occasions was properly excluded in the absence of evidence to connect the earlier occasions with the occasion in question. [374]

In an action against the owner of an apartment building by a tenant of an apartment therein for personal injuries sustained by the plaintiff in a fall in the bathroom of her apartment following the overflowing of water from the bathroom fixtures by reason of an obstruction in the main drain of the building in the control of the defendant, a finding of liability of the defendant on the ground of negligence with respect to the drain was not warranted where there was no evidence of any want of reasonable care in maintaining it or of the cause of the obstruction. [374]

The mere fact that the janitor of an apartment building cleaned up the bathroom of a rented apartment after water had overflowed from the bathroom fixtures would not suffice to show that he was acting as an agent of the landlord in doing so rather than as a volunteer assisting the tenant of the apartment. [375]

The owner of an apartment building was not liable to a tenant at will of one of the apartments in an action of tort for personal injuries sustained by the tenant when she slipped and fell in the bathroom of her apartment after the janitor had undertaken to clean up the bathroom following overflowing of water from its fixtures not shown to have been due to fault of the defendant, where, even if the defendant authorized the undertaking of the janitor, the defendant was not contractually bound to the plaintiff to keep the apartment safe for her use and there was no evidence of gross negligence on the part of the janitor. [375–376]

TORT. Writ in the Superior Court dated August 21, 1951. The action was tried before *Paquet*, J.

*John J. Mackin*, for the plaintiff.

*Walter F. Henneberry*, for the defendant.

COUNIHAN, J. This is an action of tort for personal injuries sustained by the plaintiff on June 17, 1951, as a result of a fall in the bathroom of a basement apartment at 228 Kelton Street, Allston, occupied by her as a tenant at will of the defendant. It was agreed that "the defendant was the owner and was in control of the apartment building in which the plaintiff was a tenant; and that the alleged accident occurred in her own bathroom in that part of the premises rented to her."

The action was tried before a jury on two counts (the second count of the declaration having been waived), the first based on negligence of the defendant in the care and maintenance of the drainage system of the building in which the apartment of the plaintiff was located, and the third count based on negligence of the defendant "in the care, management, maintenance, operation, supervision or control of the said premises." The action comes here upon exceptions of the plaintiff to the allowance of a motion for a directed verdict for the defendant and to the exclusion of evidence offered by the plaintiff. There was no error.

The evidence in its aspects most favorable to the plaintiff was as follows: The plaintiff had occupied this apart-

ment since 1945, and at the time of the accident she was a tenant at will. She was employed as a registered nurse and on June 16, 1951, she returned to the apartment about 4:30 P.M. She then observed water coming out under the apartment door. When she entered she saw water coming out of the bathroom through the hall leading to her bedroom. It was foul, filthy and "messy." The fixtures in the bathroom were all overflowing. One Costa, the janitor of the building, was called and came almost immediately. He tried without success to stop the flow of water. He then called a plumber who responded within a half or three quarters of an hour. The plumber and Costa then went down into the boiler room in the subbasement where the house main "lets out to the sewerage." The plumber took the cap off the main and inserted a "long, long snake" which they both pushed and "banged away" at so as to open the main drain from the house. One main from each floor leads to this large main under the building. The "snake" went in a "very, very long ways until it got to the end, almost to the sidewalk." They struck something and pushed it until it gave way and the system began to operate and "all the water from the bathtub and bowl and everything started to come right through." That stopped the overflowing in the bathroom.

Costa then returned to the plaintiff's apartment about 11:20 P.M. He went into the bathroom and "cleaned up some more of the water that was still left around; . . . he used a new mop, bucket and rinser and cleaned the bathroom floor; . . . he put clean water into the bucket and rinsed it out." He left the apartment between 11:30 P.M. and midnight. After Costa left and before going to bed the plaintiff tried to clean up the living room and straighten it out. She awakened about 3:30 A.M. and she wanted to use the bathroom. She got up and put on the light in the bedroom. After she put on her slippers she walked through the hall to the bathroom. As she got to the threshold she reached in and put on the light. When she started to walk in, her right foot skidded and went under her and she fell

down, sustaining injury. "[S]he saw wet paper scattered around; . . . the paper she saw on the floor was wet, slimy, soggy paper like wet toilet paper; . . . 'there were small pieces that were scattered around of paper and like water, not all wet, but there were different areas'; . . . there were areas where you could see pieces of wet paper."

On direct examination the plaintiff was asked what the janitor said to her just before he left her apartment. On objection the judge excluded the question and counsel made an offer of proof that the answer would be that the janitor said, "Winnie, your bathroom is all right. It's all right for you to use it."

In direct examination a witness for the plaintiff who occupied an adjacent basement apartment was asked if occurrences similar to that which had happened on June 16, 1951, had taken place during the three years prior to the day of this occurrence. Upon objection the judge excluded the question. Thereupon an offer of proof was made that at least two times prior to June 16, 1951, the same overflowing happened.

Later the plaintiff was asked if she had a conversation with one Earl D. Wood who collected her rent and who was also the clerk of the defendant corporation. Upon objection this question was excluded. Thereupon counsel made an offer of proof that the answer would be that Wood after the accident said to her, "Miss Barrett, I'm sorry about your accident. It was all our fault. We will take care of you and see to it that you're taken care of for all your injuries."

We deal first with the exceptions to the exclusion of evidence. The exclusion of the statement of Costa, to the effect that the bathroom was all right and fit for use, was proper. Although Costa was an employee of the defendant and even if it be assumed that he helped clean up the bathroom, there is no evidence that he was acting within the scope of his employment in doing so or that he was authorized to speak for the defendant. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, 142. *Conti*

v. *Brockton Ice & Coal Co.* 295 Mass. 15, 17. *Burwick* v. *McClure*, 318 Mass. 626, 631.

The same is true respecting the exclusion of the statement of Wood to the plaintiff. No authority is shown to permit Wood to make any admission on behalf of the defendant, particularly after the accident had happened. *Parsons* v. *Dwightstate Co.* 301 Mass. 324, 327.

There is likewise no merit in the exception to the exclusion of the testimony of the neighbor to the effect that similar overflowing of water in the bathroom had occurred on at least two occasions prior to this one. There is no evidence of the cause of the earlier occurrences or even of this one. In the absence of evidence to connect the prior overflowing with the one involved in the case at bar, this testimony was properly excluded. *Hart Packing Co.* v. *Guild*, 251 Mass. 43, 46.

We now consider the exception of the plaintiff to the direction of a verdict for the defendant. The first count of the declaration alleges negligence in the care and maintenance of the drainage system which was admitted to be in the control of the defendant. There is no evidence of any want of reasonable care on the part of the defendant in maintaining the drainage system. Moreover, there is no evidence as to the cause of the obstruction in the system. It may have been caused by acts of the tenants or others rather than by acts for which the defendant was responsible. *Felch* v. *D'Amico*, 326 Mass. 196, 198. *Lobster Pot of Lowell, Inc.* v. *Lowell*, 333 Mass. 31, 33. There was no error in the direction of a verdict for the defendant on the first count.

The third count alleges that the defendant was "the owner and/or person in control" of the building in which the plaintiff occupied an apartment. It further alleges that the plaintiff was injured due to negligence of the defendant in the care, management, maintenance, operation, supervision or control of said premises. The evidence, however, shows that the plaintiff was a tenant at will of an apartment in this building. There is no evidence that the con-

tract of letting bound the defendant to keep the premises occupied by the plaintiff safe for her use or that any such contractual relation was thereafter created. In these circumstances it has been said, "The law of landlord and tenant is founded on the conception that the demised premises pass into the control of the tenant. That is its basis. Such control is commonly exclusive. Lack of control by the landlord involves relief from obligation to repair." *Conahan* v. *Fisher*, 233 Mass. 234, 237.

In *Bergeron* v. *Forest*, 233 Mass. 392, 398, it was said, "The rights and obligations of the parties arising from the initial contract of letting the tenement were such as ordinarily attach to landlord and tenant under an oral lease. These rights and obligations are that there was no implied agreement that the demised premises were or would continue to be fit for occupancy. The tenant took them as he found them and there was no duty resting on the landlord to make repairs upon them."

The plaintiff argues that the janitor Costa was acting as an agent of the defendant in cleaning up the bathroom and putting it in a condition for use by the plaintiff. But there is no evidence as to what the duties of Costa were or whether what he did in respect to the bathroom was within the scope of his employment. In these circumstances we cannot assume that he was acting as an agent of the defendant. He may have been a volunteer desirous only of assisting the plaintiff.

In any event, whatever Costa did in respect to the bathroom, even if authorized, was in the nature of a voluntary or gratuitous undertaking and the defendant would not be liable in the absence of gross negligence. *Bergeron* v. *Forest*, 233 Mass. 392, 398. *Ryan* v. *Boston Housing Authority*, 322 Mass. 299, 300, and cases cited. Here there is no allegation of gross negligence in the declaration and there is no evidence of gross negligence in the record.

The plaintiff relies heavily upon *Rudomen* v. *Green*, 299 Mass. 485. In that case it was said at page 487, "The evidence warranted a finding that the defendant, the owner

of the building and the landlord of the plaintiff, having dis-
covered a defect in the tenement occupied by the plaintiff,
undertook to put it in repair with his own hands and the
assistance of a helper, and that on leaving the apartment he
said to the plaintiff that the work was completed and every-
thing was all right, whereas, in truth, material was care-
lessly placed on the floor which rendered it dangerous for
the tenant to step into the room.    The finding was per-
missible that the defendant as landlord undertook volun-
tarily to make repairs and that, when they were finished,
he notified the tenant, invited him to make use of the tene-
ment, and assured him that he might do so with safety.    In
these circumstances, if the tenement was unsafe by reason
of want of ordinary care and skill on the part of the defend-
ant, and the tenant sustained personal injuries thereby, he
may recover compensation from the defendant."

We find it difficult to reconcile what was said in that case
with what appears in the leading case of *Bergeron* v. *Forest*,
233 Mass. 392, 398, wherein it was held that a landlord is
liable only for gross negligence in undertaking gratuitously
to make repairs.    We believe that in the sense in which they
are used in the law of landlord and tenant the words "gra-
tuitous" and "voluntary" have the same meaning and that
the degree of negligence to be applied to each undertaking
of this sort should be the same.

In *Ryan* v. *Boston Housing Authority*, 322 Mass. 299, 303,
and in *Collins* v. *Goodrich*, 324 Mass. 251, 254, the *Rudomen*
case was distinguished on the ground that the law of land-
lord and tenant was not technically involved in that case.
Because of the implications and confusion created by the
reasoning of the *Rudomen* case we are not disposed to follow
it in so far as the language in that case may be in conflict
with *Bergeron* v. *Forest* and the many cases following it.

*Exceptions overruled.*