JOHN JOSEPH COOPER & another *vs.* BOSTON HOUSING
AUTHORITY.

Suffolk.    December 8, 1960. — February 7, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Landlord and Tenant,* Landlord's liability to tenant or one having his
rights, Radiator, Construction of lease, Repairs.

The landlord of an apartment building could not properly be found
liable on the ground of a "hidden defect" for personal injuries sus-
tained by a child of the tenant of an apartment through being burned
by contact with an uncovered return pipe of a radiator in the apart-
ment where, even if a dangerous condition was created by the pipe, it
was obvious. [40]

*Ryan v. Boston Housing Authority,* 322 Mass. 299, followed in determin-
ing that no undertaking by the landlord of an apartment building to
repair a leased apartment was to be found in the lease. [40–41]

TORT.    Writ in the Superior Court dated October 10,
1957.

The action was tried before *Vallely,* J.

*Sturtevant Burr,* for the defendant.

*Thomas A. Brett,* (*Nathaniel H. Ponn* with him,) for the
plaintiffs.

KIRK, J.    This is an action of tort to recover for per-
sonal injuries sustained by the infant plaintiff when he
was burned by contact with an uncovered return pipe of a
convector in an apartment of a building owned and man-
aged by the defendant where the plaintiff lived with his
father who was a tenant of the defendant under a written
lease.    There is a count for consequential damages by the
father.    G. L. c. 231, § 6A, as inserted by St. 1939, c. 372,
§ 1.    Verdicts were rendered for the plaintiffs.

The case comes before us on a consolidated bill of excep-
tions which presents for our consideration: (a) the de-
fendant's exception to the denial of its motion for directed
verdicts; (b) the defendant's exceptions to the admission

and exclusion of certain evidence; and (c) the plaintiffs' exception to an instruction by the judge to the jury to disregard testimony that a valve on the convector was defective.

The manner in which the child, then eighteen months old, received his injuries is not disputed. While the child's father and mother were in the kitchen attending their two other children, they heard screams and immediately went to the child's bedroom which was directly across from the kitchen and found him with his "face . . . on the return pipe and his arm was down in behind resting on the return pipe." The source of heat for the building was a central plant from which steam was conducted by pipes into and out of the rooms where the air was warmed by convectors. The convectors themselves were completely covered by metal guards to prevent a person being burned by contact. The convector in the child's bedroom was below the windows; it was about three feet high and three feet wide; it stood about eight or ten inches above the floor; there was a shutoff-wheel type valve on the right of the convector and leading up to that valve from the wall was a pipe which had asbestos covering on it; there was a return pipe coming from the left hand bottom of the convector which projected out six or seven inches and made a "more or less U turn" toward the floor and then went back into the wall after having gone underneath the convector, the return pipe then being about three inches above the floor; there was no asbestos covering on the return pipe. The foregoing description of the convector and its connecting pipes was given by the minor plaintiff's father who also testified that this description was true on December 15, 1956, when the tenancy began and was true on the day of the accident.

The judge, in submitting the case to the jury, limited the issue of liability to the question whether the exposed uncovered return pipe constituted a so called "hidden defect." He thereby impliedly excluded from the consideration of the jury all other theories of liability including the one set forth in the plaintiffs' declaration which apparently is based upon the theory of a failure by the landlord to comply with a

covenant to repair.  No exception was taken by the plaintiffs to the action by the judge nor were any requests for instructions in this respect submitted to him.  Upon the evidence the judge was right in excluding other theories of liability; but we think he was in error in submitting the case to the jury on the question of a "hidden defect."

In view of the facts of the case, it seems unnecessary to review the law relating to hidden defects.  An exhaustive analysis of the cases, both in our own Commonwealth and elsewhere, was made in *Stumpf* v. *Leland,* 242 Mass. 168. Restatement: Torts, § 358, adopts the majority rule as set forth in *Stumpf* v. *Leland, supra.*

There was no breach of duty by the defendant to the tenant.  "In the ordinary lease of real estate . . . [t]he lessee takes the premises as he finds them."  *Gade* v. *National Creamery Co.* 324 Mass. 515, 518.  "The general rule is that the landlord is not liable to the tenant for defects in the premises existing at the time of the letting unless they are hidden defects of which he is aware and does not warn the tenant."  *Ackarey* v. *Carbonaro,* 320 Mass. 537, 539. *Condon* v. *Winn,* 252 Mass. 146, 148.  The landlord owes to the members of the household of the tenant in possession the same duty which he owes to the tenant, and no greater duty.  *Chelefou* v. *Springfield Inst. for Sav.* 297 Mass. 236, 238–239, and cases cited.  *Diamond* v. *Simcovitz,* 310 Mass. 150, 153.  See *Domenicis* v. *Fleisher,* 195 Mass. 281, 283. Also, see Restatement: Torts, § 356.

There was no hidden defect or concealed source of danger known to the landlord and not discoverable by the tenant.  See *Cutter* v. *Hamlen,* 147 Mass. 471, 474.  The location, the exposed surface, the use and purpose of the return pipe, even if they constituted a dangerous condition, were as obvious to the tenant as they were to the landlord when the tenancy began.  The defendant's motion for directed verdicts should have been allowed.

The plaintiffs were permitted to argue that liability could be imposed on the basis of a breach of an implied agreement to repair.  While we are under no duty to consider this

argument because that theory of liability was impliedly waived by going to the jury solely on the question of a hidden defect, we point out that a lease, similar in all material respects, was considered by this court in *Ryan* v. *Boston Housing Authy.* 322 Mass. 299. It was decided that there was no such agreement; and that decision answers the plaintiffs' contention.

The significance, if any (and on the record we perceive none), of the alleged defect in the shutoff valve has not been argued by the plaintiffs in their brief, and therefore we ignore it. Rule 13 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 698. See *Lolos* v. *Berlin,* 338 Mass. 10, 14.

> *Defendant's exception to denial of motion for directed verdicts sustained.*
> *Plaintiffs' exceptions overruled.*
> *Judgments for the defendant.*