JESSIE DUBAY vs. CAMBRIDGE HOUSING AUTHORITY. April 3, 1967. It was error to deny the defendant's motion for a directed verdict in this action of tort by a tenant to recover from the landlord for injuries sustained in a fall caused by a hole in the linoleum on the kitchen floor of the leased apartment. The reservation of the right to enter "the tenant's premises" to make repairs, additions or alterations "for the preservation thereof or of the building" and the tenant's agreement to make no repairs without the written consent of the management did not put the lessor in control of the premises (*Stone* v. *Sullivan,* 300 Mass. 450, 454) nor impose on the lessor a duty to repair. *Ryan* v. *Boston Housing Authy.*

322 Mass. 299, 301–302.   The restriction that "[n]o tacks, nails or other fasteners or cement shall be used in laying carpets, rugs or linoleum on the floors of the tenant's dwelling" does not alter the application of the rules of these cases.   Nothing is stated with respect to the linoleum other than that it was "owned by the defendant," and on November 1, 1962, there was a hole in it three inches in diameter of which the defendant had had notice for at least six weeks.   Assuming, with the plaintiff, that the term began August 1, 1960, when the parties executed a lease for thirty days with a provision for automatic renewal for successive thirty day periods (see *Gibbs Realty & Inv. Corp.* v. *Carvel Stores Realty Corp.* 351 Mass. 684), the bill of exceptions, even so, shows no breach of duty and no negligent conduct by the defendant.

*Exceptions sustained.*
*Judgment for the defendant.*

The case was submitted on briefs.
*Bernard B. Gould* for the defendant.
*Joseph A. DeGuglielmo & Matthew J. Ferraro* for the plaintiff.