*Northern District*

No. 7537

**PAMELA FREEMAN, ET AL.**

v.

**BETTY M. CARLIN**

Argued: April 29, 1971. Decided: June 15, 1971.

*Present:* Parker, P.J., Cowdrey, Mason, JJ.

Case tried to *King, J.* in the Municipal Court of the Dorchester District No. R-5104.

**Mason, J.** *This is an action in tort alleging negligence of the defendant.* Count one and Count two are for personal injuries respectively to Pamela Freeman and to her minor son Herbert. Count three and Count four are for consequential damages alleged by the husband of Pamela and father of Herbert. The defendant answered by way of a general denial, contributory negligence and assumption of risk.

There was a finding for the plaintiffs on all counts.

**At the trial there was testimony tending to show that** Pamela Freeman resided with her husband and minor son Herbert at 94 Esmond Street, Dorchester, Mass. In March of 1967 the plaintiff Pamela Freeman had a meeting with the defendant [and her husband] regarding a crack in the ceiling of her apartment. The defendant, Betty Carlin, said nothing; however, her husband said the ceiling would be repaired, definitely by April. Pamela Freeman informed the defendant that she would move if the ceiling was not repaired and would withhold rent. No repairs were made. In September, 1967 the plaster condition got worse.

*On October 7, 1967* water was leaking from the apartment above, occupied by another tenant. Mrs. Freeman went into that apartment and saw a broken water pipe. A man came to

fix the pipe which was leaking. The truck the man came in had the name Carlin's Realty on it.

*On October 8, 1967* the ceiling collapsed in the Freeman apartment. Mrs. Freeman was standing at the sink and the minor plaintiff was standing at the doorway. The plaster hit Pamela Freeman on the head, cutting her lip and chipping some of her teeth.

Herbert Freeman, Jr. had a swelling on his forehead as a result of being struck on the forehead by plaster.

Two pictures were introduced into evidence by the plaintiffs: Photograph #1 showing the ceiling after the plaster fell; Photograph #2 showing the floor after the plaster fell.

The defendant seasonably filed four requests for rulings which were denied.

The defendant claims to be aggrieved by the court's denial of her requests 1, 3, and 4 reading as follows:

1.  The evidence does not warrant a finding that the defendant, her agents or servants, were negligent.
3.  The evidence does not warrant a finding that the negligence of the defendant proximately caused the alleged injuries and damage.
4.  As a matter of law the defendant breached no legal duty owed by her to the plaintiff.

Nowhere in the report is there a recitation that the defendant was the landlord or what

relationship the defendant or her husband had to Carlin's Realty. Even if there was evidence that the defendant was the owner of the premises or that she ratified the gratuitous statement of her husband, there was no duty to repair the ceiling.

It has long been the law in this Commonwealth that a tenant cannot recover against a landlord for personal injuries caused by a defective condition of the premises let, as distinguished from an area used in common by several tenants, unless the landlord agrees to make repairs, makes the repairs and is negligent in making them. *Galvin* v. *Beals,* 187 Mass. 250, 252, 253. *Cleary* v. *Union Realty Co.,* 300 Mass. 312, 313. *Koleshinski* v. *David,* 328 Mass. 276. *Berger* v. *Stoner,* 1970 A.S. 975.

This case falls within the second class of cases described in *Fiorntino* v. *Mason,* 233 Mass. 451. The plaintiffs notified the defendant of the defective ceiling and received a promise to have it fixed. The defendant's negligent omission to make repairs is not ground for an action of tort. There must be some active negligence or misfeasance to support such an action. Liability could have occurred only if the defendant had undertaken to repair the ceiling and had done so, negligently.

There can be negligence only with relation to a duty to exercise care, and that duty of care, if any, must be that existing at common law.

*Fiorntino* v. *Mason,* 233 Mass. 451, 453. *Ryerson* v. *Fall River Philanthropic Burial Society,* 315 Mass. 244, 250.

This is not an action in contract for a breach of an agreement to make repairs.

The general rule concerning conditions existing at the time of the letting is that in the absence of an express warranty or of deceit by the landlord, a tenant takes the premises as he finds them and assumes the risk of their quality.

There was no evidence that any agreement for repairs was made at time of letting.

The record does not indicate the condition of the ceiling when the tenancy was created and there is no evidence of a failure to disclose a dangerous condition by the defendant. *Cooper* v. *Boston Housing Authority,* 342 Mass. 38.

There was no evidence of control by the defendant of the apartment located above that of the plaintiff's or of negligent repair to the broken water pipe. The leaking water pipe in and of itself does not warrant a finding of negligence. No liability can rest upon the owner of the premises under these circumstances. *Bergeron* v. *Forest,* 233 Mass. 392.

All material evidence having been reported, it was prejudicial error to deny the defendant's requests for rulings.

The finding for the plaintiffs is to be vacated and a finding entered for the defendant.

NORMAN S. ZALKIND
  of Boston for Plaintiffs.

FRANCIS X. RILEY
  of Boston for Defendant.