PETER POPOWYCH *vs.* SUMNER L. POORVU & another, trustees. February 4, 1972. The defendants, as trustees, leased two floors of a building to Popowych's employer (the tenant). Burton Cone, an employee of the tenant, prior to August 10, 1967, notified the trustees' maintenance man that a window on the fifth floor required repairs lest it fall into the street. On August 10, two maintenance employees removed the window from its frame. Popowych, who was working on the same floor, was aware of their presence. About noon, these two men left, taking the window with them but leaving a stepladder. Popowych later fell on a round hard object and was injured. Cone saw debris (including window stops, ropes, and screws) left on the floor by the trustees' employees. The latter did not return prior to Popowych's fall. The window had been replaced by 8 P.M. that evening. The judge, subject to the trustees' exception, refused (a) to direct a verdict for the trustees and (b) to charge that the standard of care to Popowych by the trustees with respect to any debris left by their employees was the avoidance of gross negligence. The judge correctly charged that the trustees were under no duty to the tenant

to repair the window, and that, if they did so, they would be liable only for their employees' gross negligence. In addition, however, he charged in effect that the trustees would be liable for any ordinary negligence of their employees in leaving debris on the floor. In the opinion of a majority of the court, this was error. There was no evidence of gross negligence. The case is governed by *Ryan* v. *Boston Housing Authy.* 322 Mass. 299, 300, and *Barrett* v. *Wood Realty Inc.* 334 Mass. 370, 372–376, where (pp. 372–373) the plaintiff was injured by a fall on wet debris some four hours after a landlord's employee had completed repairs. Here the window repairs had not been completed and the window had not been replaced. See *Collins* v. *Goodrich,* 324 Mass. 251, 252–254. Compare *Peay* v. *Reidy,* 321 Mass. 455, 458 (negligence with respect to common elevator by landlord's employee). The evidence did not warrant the conclusion that the trustees' employees were trespassers on the demised premises, even if the trustees were making the repairs in part for their own benefit to avoid the risk of injury to persons on the street.

*Exceptions sustained.*
*Judgment for the defendants.*

*William E. Howell* for the defendants.
*William F. Manley* for the plaintiff.