CHARLES GONSALVES, JR., administrator, *vs.* NEW BEDFORD
HOUSING AUTHORITY.   March 27, 1974.   This action of tort to recover
damages (under G. L. c. 229, § 2, as amended through St. 1965,
c. 683, § 1) for the wrongful death of the plaintiff's intestate should
not have been submitted to the jury on either of the counts for negli-
gence (count one) or for "negligence or . . . wilful wanton or reckless
conduct" (count four).   There was evidence that the intestate, a boy
of eleven years who was a son of tenants in the defendant's apart-
ment building, was accidentally electrocuted when his body became
grounded by reason of its coming in contact with both an uninsulated

overhead pipe and a wire mesh partition which the boy had climbed while playing hide and seek with a group of his companions; that the partition formed the exterior boundary of a basement storage area leased to another tenant (one Arruda) as well as the interior boundary of a basement passageway which was common to all the tenants of the building but remained under the control of the defendant; and that the partition had become electrified by reason of Arruda's having clamped to the top thereof (by wing bolts) a fluorescent lamp that contained defective, but concealed, wiring in its base. The attachment of the lamp was not, in our opinion, an "alteration . . . to the premises" or the installation of "additional equipment" within the meaning of the "Conditions of Occupancy" contained in the virtually identical leases given by the defendant to Arruda and to the boy's parents. See, generally, *Ryan* v. *Boston Housing Authy.* 322 Mass. 299, 300-302 (1948); *Cooper* v. *Boston Housing Authy.* 342 Mass. 38, 40-41 (1961); *Dubay* v. *Cambridge Housing Authy.* 352 Mass. 770 (1967). There was nothing in either lease which imposed on the defendant a duty to remove or to require the removal of any "alteration" or "additional equipment" which Arruda might make or install. Compare *Campbell* v. *Romanos*, 346 Mass. 361, 365 (1963), and the cases cited therein. It was conceded at argument that there was nothing about the lamp or the installation thereof which should have put the defendant on notice of a dangerous or defective condition in the passageway at any time prior to the accident. Contrast *Kelley* v. *First Natl. Bank*, 281 Mass. 169, 172 (1932); *Dreher* v. *Bedford Realty, Inc.* 335 Mass. 385, 388 (1957); *Goodman* v. *Smith*, 340 Mass. 336, 337, 338 (1960); *Martin* v. *Reis*, 344 Mass. 32, 36-37 (1962). Accordingly, it was error to deny the defendant's motion for directed verdicts on both counts of the declaration.

*Exceptions sustained.*
*Judgment for the defendant.*

*Warren Delaney* for the defendant.
*Thomas F. McGuire* for the plaintiff.